UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE,<br><br>    Plaintiff,<br><br>    v.<br><br>J. ANDRES,<br><br>    Defendant. | No. 2:18-cv-0822 AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 27. He is requesting counsel because he is "unable to afford counsel," his "incarceration will greatly limit [his] ability to litigate effectively," he has limited knowledge of the law and limited access to the law library, he is experiencing retaliation by prison officials in the form of lost or destroyed property, and counsel would be better able to present evidence and cross-examine witnesses at trial. Id. at 2-4.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1 | "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, plaintiff has not demonstrated a likelihood of success on the merits and his claims of indigency, limited legal knowledge and access to the law library, and the general limitations experienced due to being in prison are common to most prisoners and therefore do not establish the required exceptional circumstances. Furthermore, it is not yet clear that this case will proceed to trial, so appointment of counsel on that ground is not warranted. To the extent plaintiff is claiming that he is being retaliated against for pursing this lawsuit, there are insufficient facts to demonstrate that the loss or destruction of his property is retaliatory. Moreover, even if plaintiff is being retaliated against, it is not clear that appointment of counsel would be the most appropriate remedy, and plaintiff is free to pursue a separate action for retaliation if he wants.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 27) is denied.

DATED: October 3, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE