UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. ANDRES,<br><br>　　　　Defendant. | No. 2:18-cv-0822 AC P<br><br>ORDER AND FINDINGS AND RECOMMEDNATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter is before the court on plaintiff's motions to strike defendant's affirmative defenses (ECF No. 29) and for a temporary restraining order (ECF No. 30).

I.　　Motion to Strike Affirmative Defenses

On September 11, 2019, defendant Andres filed an answer to the complaint and raised six affirmative defenses. ECF No. 25 at 6-7. Plaintiff seeks to strike all of defendant's affirmative defenses on the ground that his complaint is a verified complaint. ECF No. 29 at 3.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."

1

Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (citations omitted). "Before a motion to strike affirmative defenses may be granted, the Court must be convinced there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Jones v. Sweeney, No. 04-cv-6214 AWI DLB, 2006 WL 1439080, at *1, 2006 U.S. Dist. LEXIS 33069, at *2 (E.D. Cal May 24, 2006) (citing SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)). "[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (citation omitted).

Plaintiff's statement that his complaint is verified does not establish any of the grounds set forth in Rule 12(f) for striking a defense. Defendant has sufficiently pled his affirmative defenses so as to put plaintiff on notice, and there is nothing in the record suggesting an absence of legal or factual disputes or that defendant cannot succeed under any circumstances on his affirmative defenses. Accordingly, it will be recommended that Plaintiff's motion to strike be denied.

II.     Motion for Temporary Restraining Order

Plaintiff also seeks a temporary restraining order to prevent his transfer to any prison where he has documented enemies. ECF No. 30. In the motion, he alleges that Captain J. Anderson, Warden R. Johnson, and CCII Rhodes have placed him on a transfer schedule to CSP-Corcoran and CSP-Sacramento, despite both prisons housing plaintiff's documented enemies.[1] Id. at 2.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a

---

[1] Plaintiff also alleges that, due to his litigation of this case, "a number of retaliatory actions appear to have been initiated against [him] within the last six months," including "property loss/destroyed; legal books loss/destroyed; legal work loss/destroyed, continuous ad/seg placements by confidential sources or unfounded false allegations by mental health personnel." ECF No. 30 at 5. However, he does not make any related requests for relief.

2

preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)). "[A] plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." Id. (emphasis in original); Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm.").

Plaintiff has not demonstrated that he will suffer irreparable harm if he is not granted a temporary restraining order. Although he claims that he is scheduled to be transferred to one of two prisons where he has documented enemies, he has not provided any evidence that he will have any kind of contact with these individuals once he has been transferred. Prisons are comprised of multiple yards and housing units, many of which are segregated from one another. There is no evidence before the court that plaintiff will be housed in a location where his enemies will have physical access to him; the mere fact that he will be housed at the same prison does not constitute an irreparable injury.

Additionally, the court must have jurisdiction over the individuals against whom Plaintiff wishes the restraining order to issue. To the extent it appears that Plaintiff is seeking an injunction against Anderson, Johnson, and Rhodes, these individuals are not named defendants to this action and therefore have not been served. Plaintiff also fails to provide any specific facts showing that these individuals have notice of his motion or are acting "in active concert or participation" with defendants and this court is therefore unable to issue an order against them.

3

Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) (federal injunctions can bind defendants and "those persons 'in active concert or participation with them who receive actual notice of the order by personal service or otherwise,' Fed. Rule Civ. Proc. 65(d), [but] a non-party with notice cannot be held in contempt until shown to be in concert or participation.").

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to strike defendant's affirmative defenses (ECF No. 29) be denied.
2. Plaintiff's motion for temporary restraining order (ECF No. 30) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 24, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE