1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEREK TATE,                              No.  2:18-cv-0822 KJM AC P

12                  Plaintiff,

13         v.                                 ORDER

14   J. ANDRES,

15                  Defendant.

16

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Currently before the court is plaintiff's motion to compel documents.  ECF No.

19   41.

20   I.    Plaintiff's Allegations

21         Plaintiff alleges that defendant violated his rights under the First and Eighth Amendments

22   by using excessive force in retaliation for filing a grievance, and then failing to get him medical

23   treatment.  ECF No. 1.  Specifically, plaintiff claims that he filed a grievance against defendant,

24   and that after the grievance was filed defendant slammed his face into a wall for no reason during

25   an escort.  Id. at 7-10.  After the assault, defendant refused to alert his supervisor or medical staff

26   that plaintiff needed medical attention for his injuries, and plaintiff was not seen by medical staff

27   for over two hours.  Id. at 11.

28   ////

1    II.    <u>Standards for Discovery</u>

2          The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

3    Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

4    defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within

5    this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u>  The court,

6    however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained

7    from some other source that is more convenient, less burdensome, or less expensive;" or if the

8    party who seeks discovery "has had ample opportunity to obtain the information by discovery;"

9    or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

10   26(b)(2)(C).  The purpose of discovery is to "make a trial less a game of blind man's bluff and

11   more a fair contest with the basic issues and facts disclosed to the fullest practicable extent,"

12   <u>United States v. Procter & Gamble Co</u>., 356 U.S. 677, 682 (1958) (citation omitted), and "to

13   narrow and clarify the basic issues between the parties," <u>Hickman v. Taylor</u>, 329 U.S. 495, 501

14   (1947).

15         Where a party fails to produce documents requested under Federal Rule of Civil

16   Procedure 34, the party seeking discovery may move for compelled production.  Fed. R. Civ. P.

17   37(a).  "The party seeking to compel discovery has the burden of establishing that its request

18   satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery

19   has the burden of showing that the discovery should be prohibited, and the burden of clarifying,

20   explaining or supporting its objections."  <u>Bryant v. Ochoa</u>, No. 07-cv-0200 JM PCL, 2009 WL

21   1390794 at *1, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. May 14, 2009) (citations omitted);

22   <u>see also</u> <u>Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.</u>, 981 F.2d 429, 438-39 (9th Cir.

23   1992) (upholding denial of motion to compel because moving party did not show the request fell

24   within the scope of Rule 26(b)(1)).  The opposing party is "required to carry a heavy burden of

25   showing why discovery was denied."  <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir.

26   1975).

27   III.    <u>Motion to Compel</u>

28         Plaintiff's motion challenges the sufficiency of the response to Request for Production No.

1. ECF No. 41 at 3.  Since it is the only discovery request that plaintiff references in his motion,

it is the only request the court will address.[1]

> **Request No. 1**: Any and all grievances, complaints, or other documents received by prison staff against the defendant Joshua Andres, while being employed at Mule Creek State Prison, concerning mistreatment of inmates and any memorandum, investigative files, confidential investigations, or other documents created in response to such complaint; beginning at the time of employment at Mule Creek State Prison until the present date of receiving this request.

> **Response**: Defendant objects to this request as vague and ambiguous as phrased, specifically with respect to the terms "other documents," "mistreatment of inmates" and "all grievances, complaints, or other documents against Defendant."  Defendant further objects to this request as overbroad and unduly burdensome because it is not limited to the relevant timeframe.  Further, the request seeks information that is not relevant to the case and not proportional to the needs of the case.  Objection is also made on the ground that the request seeks information protected by the official information privilege.  The request seeks information that is deemed confidential under California Code of Regulations, title 15, section 3321, the disclosure of which could: (1) endanger the safety of Defendants or (2) jeopardize the security of the institution.  Defendant further objects to this request because the requested information is confidential as all appeal inquiries are confidential.  Cal. Code Regs. tit. 15, § 3084.9(i).  Additionally, the production of confidential information is improper because it could violate the privacy rights of third parties, and because an inmate is not permitted to have information about another inmate that would be disclosed in any staff complaint filed.  Cal. Code Regs. tit. 15, § 3370(d).

> Defendant further objects to this request on the ground that the request seeks information protected by Defendant's right to privacy.  In fact, the discovery of employment records is restricted by California statutes, including Government Code section 6254 and Civil Code sections 1798.24 and 1798.40, as well as section 3400 of title 15 of the California Code of Regulations.  Personnel files are also protected under California Evidence Code section 1040, *et. seq.,* including section 1043.  Defendant refers to the attached Privilege Log and corresponding Declaration of D. Santos in support of Defendant's objections.

> Without waiving these objections, responding party will produce:

> • Third Level Appeal Decision, Appeal Log No. MCSP-16-00536, dated October 12, 2016, Bates numbered DEF POD 1-2;

---

[1]  Although plaintiff's motion makes some reference to initial disclosure requirements, ECF No. 41 at 5-6, his status as a pro se prisoner exempts this case from those requirements, Fed. R. Civ. P. 26(a)(1)(B)(iv).

1      • Letter regarding Third Level of Review for Appeal Log No. MCSP-16-00536, dated August 5, 2016, Bates numbered DEF POD 25;

2

3      • Memorandum regarding Exceptional Delay in Review of Appeal dated April 22, 2016, Bates numbered DEF POD 24;

4      • Appeal Log No: MCSP-16-00536, dated February 21, 2016, and attachments, Bates Numbered DEF POD 3-6, 9-23;

5

6      • Second Level Appeal Response, Log No. MCSP-C~l6-00536 dated April 28, 2016, Bates numbered DEF POD 7-8; and

7      • Use of Force Interview conducted on February 8, 2016, Bates numbered DEF No. 26.

8

9      Plaintiff is not permitted to possess CDs or DVDs.  A copy of the Use of Force Interview video (Bates no. DEF POD 26) will be provided to the litigation coordinator at the institution where Plaintiff is currently housed and arrangements may be made for Plaintiff to review it.

10

11

12 ECF No. 48 at 12-13.

13        Plaintiff specifically seeks to compel the further production of fourteen grievances and

14 staff complaints submitted by other inmates against defendant that were identified on pages 8-35

15 of the privilege log but not produced on the grounds that they are confidential or protected by the

16 official information privilege.[2]  Id. at 6-7, 57-84.  Defendant also argues that they are not relevant.

17        While defendant's objections regarding the scope of the conduct complained of are well

18 taken, as the lack of specificity causes the breadth of the request to far exceed the issues presented

19 to the court in this case, complaints or appeals against defendant based upon the same type of

20 conduct at issue in this action are, in fact, relevant.  Although instances of misconduct related to

21 other inmates would not directly prove that defendant retaliated against plaintiff, used excessive

22 force, or was deliberately indifferent to his medical needs, sufficient similarities in complaints

23 could potentially demonstrate a pattern of conduct by defendant that would speak to his intent,

24 which is a necessary component to each of the claims against him.

25        With respect to the claims of privilege, "[f]ederal common law recognizes a qualified

26 privilege for official information.  Government personnel files are considered official

27

28 _____

[2]  The court will not address any of the other documents identified in the privilege log since plaintiff does not challenge their withholding.

1  information.  To determine whether the information sought is privileged, courts must weigh the

2  potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the

3  privilege bars discovery."  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990)

4  (internal citations omitted).  "The balancing approach of the Ninth Circuit is mirrored in this and

5  other courts' previous determinations that a balancing test is appropriate when the disclosure of

6  law enforcement files in a civil action is at issue."  Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D.

7  Cal. 1993) (citations omitted).  Documents that are a part of the personnel records of officers

8  defending civil rights actions, while containing sensitive information, are within the scope of

9  discovery.  Soto v. City of Concord, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995) (citing Hampton v.

10  City of San Diego, 147 F.R.D. 227, 229 (S.D. Cal. 1993)); Miller v. Pancucci, 141 F.R.D. 292,

11  296 (C.D. Cal. 1992).

12        A party claiming that information is privileged must "describe the nature of the

13  documents, communications, or tangible things not produced or disclosed—and do so in a manner

14  that, without revealing information itself privileged or protected, will enable other parties to

15  assess the claim."  Fed. R. Civ. P. 26(b)(5)(A)(ii).  In addition to a privilege log, a party seeking

16  to invoke the official information privilege and prevent disclosure must submit an affidavit from

17  an official of the agency in control of the materials sought that includes the following:

18        "(1) an affirmation that the agency generated or collected the
        material in issue and has maintained its confidentiality; (2) a
19        statement that the official has personally reviewed the material in
        question; (3) a specific identification of the governmental or privacy
20        interests that would be threatened by disclosure of the material to
        plaintiff and/or his lawyer; (4) a description of how disclosure
21        subject to a carefully crafted protective order would create a
        substantial risk of harm to significant governmental or privacy
22        interests, and (5) a projection of how much harm would be done to
        the threatened interests if disclosure were made."
23

24  Soto, 162 F.R.D. at 613 (citations omitted).

25        In this case, defendant's privilege log fails to sufficiently identify the subject matter of the

26  documents being withheld.  As a result, there is no indication as to the nature of the other

27  inmates' appeals, other than that they are against defendant.  The court is therefore unable to tell

28  how many of the fourteen complaints that plaintiff seeks involve incidents with similarities to

5

1  plaintiff's allegations against defendant, which include retaliation, excessive use of force, and
2  deliberate indifference in responding to a need for medical care.

3  Furthermore, the declaration proffered by defendant is insufficient to support claims of
4  official information privilege.  The declaration from D. Santos, the litigation coordinator at Mule
5  Creek State Prison ("MCSP"), states that Santos assisted in locating the complaints and affirms
6  that it is the policy of both the California Department of Corrections and Rehabilitation (CDCR)
7  and MCSP to maintain the confidentiality of staff complaints.  ECF No. 48 at 46-50.  However,
8  while the declaration avers that Santos reviewed the requests for production, it is unclear from the
9  attached declaration whether Santos actually reviewed any of the documents being withheld, and
10 factors three through five are addressed in only a general and conclusory fashion.  Id.
11 Additionally, while defendant argues in his opposition that redaction would not be a sufficient
12 safeguard, id. at 7, the declaration is silent on that matter and there is therefore insufficient
13 evidence to persuade the court that redaction would not sufficiently address privacy and security
14 concerns in this instance.  Overall, the declaration is not sufficient to support a claim of official
15 information privilege.

16 For these reasons, plaintiff's motion to compel will be granted and defendant will be
17 required to produce copies of any appeals and staff complaints identified on pages 8-35 of the
18 privilege log that involve claims that defendant acted in a retaliatory manner, used excessive
19 force, or was deliberately indifferent to an inmate's need for medical care.  Defendant may redact
20 identifying information of other inmates, which the court recognizes may extend beyond the
21 names and CDCR numbers of those inmates.  Because this order directing further responses to
22 plaintiff's discovery request may result in the production of additional documents that would be
23 material to plaintiff in opposing a motion for summary judgment, the April 24, 2020 dispositive
24 motion deadline will be vacated and re-set once the matter has been resolved.

25 Accordingly, IT IS HEREBY ORDERED that:

26 1.  Plaintiff's motion to compel, ECF No. 41, is granted.

27 2.  Within thirty days of service of this order, defendant shall provide a supplemental
28 response to Request for Production No. 1, as set forth above, and simultaneously file a notice of

1  service of the response.

2       3.  Plaintiff may file a motion for sanctions within sixty days of the service of this order if

3  defendant fails to respond to the discovery request as ordered.

4       4.  The April 24, 2020 dispositive motion deadline is vacated and will be re-set after the

5  pending discovery matter has been resolved.

6       5.  Defendant's motion for an extension of time to file dispositive motions, ECF No. 55,

7  is denied as moot.

8  DATED: April 24, 2020

9  _____

ALLISON CLAIRE
10  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28