UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE,<br><br>            Plaintiff,<br><br>    v.<br><br>J. ANDRES,<br><br>            Defendant. | No. 2:18-cv-0822 KJM AC P<br><br><br>ORDER |

Before the court is defendant's motion for a protective order.[1] ECF No. 63. The motion seeks to protect the confidentiality of a set of staff complaints produced to plaintiff on the court's order. Id. For the reasons discussed herein, the court will deny defendant's motion.

I.     <u>Factual and Procedural Background</u>

Plaintiff filed a motion to compel, challenging the sufficiency of defendant's response to one of his requests for production. ECF No. 41 at 3. Specifically, plaintiff sought the production of fourteen staff complaints filed by other inmates against defendant. Id. at 6-7, 57-84. Defendant opposed the motion on the grounds that the complaints were irrelevant, confidential, and protected by the official information privilege. ECF No. 48.

---

[1] Also pending is plaintiff's motion for sanctions, ECF No. 65, which he subsequently moved to strike, ECF No. 66. The motion to strike is construed as a motion to withdraw and, as such, will be granted.

The court granted plaintiff's motion to compel, and defendant was required to produce any of the fourteen staff complaints "that involve claims that defendant acted in a retaliatory manner, used excessive force, or was deliberately indifferent to an inmate's need for medical care" and simultaneously file a notice of service of the response. ECF No. 56 at 6-7. The order also provided that defendant could redact any identifying information of the other inmates contained within the documents, which "may extend beyond the names and CDCR numbers of those inmates." Id. at 6.

Defendant filed a timely notice of compliance indicating that they had served the required documents on plaintiff, ECF No. 62, and two days later filed the instant motion for protective order, ECF No. 63.

A.   Defendant's Motion for a Protective Order

Defendant's motion primarily seeks to prevent the dissemination of the already produced staff complaints to other inmates. ECF No. 63-1.

II.   Legal Standard for Protective Orders

Under the Federal Rules of Civil Procedure, motions for protective orders are governed by Rule 26(c). District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211-12 (9th Cir. 2002).

The party seeking to limit discovery has the burden of proving "good cause," which is determined using a two-part test. In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011). First, the party must show "'that specific prejudice or harm will result' if the protective order is not granted." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (citation and internal quotation marks omitted). "Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide

1  whether . . . a protective order is necessary.'" In re Roman Catholic Archbishop, 661 F.3d at 424

2  (quoting Phillips, 307 F.3d at 1211).

### A. Defendant Has Not Established Good Cause for a Protective Order

In this case, defendant's allegations of specific harm are conclusory and thus insufficient to establish good cause.  Relying in part on a declaration from D. Santos that the court previously found to be insufficient to address privacy and security concerns, defendant argues that the privacy interests of the non-defendants and witnesses within the staff complaints would be implicated if a protective order is not granted.  ECF No. 63-1 at 2 (citing ECF No. 48 at 47-49)). While defendant argues that the court's prior determination regarding Santos' declaration is irrelevant to the motion at bar, ECF No. 67 at 2, the court explicitly found that "it is unclear from the declaration whether Santos actually reviewed any of the documents being withheld, and factors three through five [regarding whether the official information privilege applies] are addressed in only a general and conclusory fashion."[2]  ECF No. 56 at 6 (citing ECF No. 48 at 46-50).  Certainly, whether Santos "actually reviewed" the staff complaints and whether she specifically identified threatened privacy interests is equally relevant to the question whether the declaration is sufficient to establish specific harm in the present context.  As in the response to plaintiff's motion to compel, defendant fails to adequately establish that redaction is insufficient to protect any privacy interests at stake—he makes only general assertions of such danger without any evidence that the disclosed staff complaints have been reviewed and redaction found to be insufficient.  ECF No. 63-1 at 2.

Finally, defendant contends that the release of the "investigative rubric and process," presumably contained within the staff complaints, would undermine candor in future investigations and that the dissemination of these confidential and "entirely irrelevant" documents to prisoners would be in violation of the California Code of Regulations.  Id. at 2.  As an initial

---

[2] The three factors referenced are "a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material," "a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests," and an estimate of "how much harm would be done to the threatened interests if disclosure were made." Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citations omitted).

matter, defendant's characterization of the staff complaints as "entirely irrelevant" is unavailing, as the court already explicitly found them to be relevant to the extent they were ordered produced. ECF No. 56 at 4. Furthermore, while the provisions of the California Code of Regulations that defendant cites prohibit inmates from accessing or handling any departmental records or case files that contain "confidential" or "private" information, ECF No. 63-1 at 2 (citing Cal. Code Regs. tit 15 §§ 3370(d), 3450(d) & (e)),[3] defendant fails to identify with any specificity what "confidential" or "private" information is contained within the redacted staff complaints or to establish that the documents have been reviewed to determine if they actually contain such information.

Because defendant has failed to show that specific harm would result if the instant motion is not granted, the court need not balance the private and public interests at stake.

### B.     Defendant's Motion is Untimely

The express language of Rule 26(c) does not include a time limit within which a motion for a protective order must be made. However, the rule's structure and language assume that a protective order will be sought prior to disclosure. See Fed. R. Civ. P. 26(c) (outlining ways in which the court may prevent or limit production, and providing that the court may order discovery on denial of a motion for protective order). Other courts have therefore held that the rule contains an implicit timeliness requirement. See Yith v. Nielsen, No. 1:14-cv-1875 LJO SKO, 2019 U.S. Dist. LEXIS 104514, at *8-11, 2019 WL 2567290, at *3-4 (E.D. Cal. June 21, 2019); United States v. Duke Energy Corp., 218 F.R.D. 468, 472 (M.D. N.C. 2003) (citing Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 413-14 (M.D. N.C. 1991)); Nestle Food Corp. v. Aetna Cas. & Sur. Co., 129 F.R.D. 483, 487 (D.N.J. 1990); United States v. Panhandle E. Corp., 118 F.R.D. 346, 350-51 (D. Del. 1988). When determining whether a motion for a protective order is timely, "a court should consider all of the circumstances facing the parties." Brittain, 136 F.R.D. at 413 (citation omitted). Failure to request a protective order in a timely manner may be excused for good cause. Id.

---

[3] Defendant also cites § 3084.9(i)(3) of Title 15 of the California Code of Regulation, which has since been repealed. However, § 3484 has been amended to contain a similar provision.

4

In this case, defendant did not seek a protective order until two days after the documents he seeks to protect were produced. Considering all the circumstances facing the parties, the court finds no reason why defendant could not have filed a similar motion earlier, and defendant provides no explanation for his delay. Defendant could have requested a protective order in his opposition to the motion to compel, as an alternative in the event the motion was granted. At a minimum, he should have sought a protective order once he was compelled to produce the documents at issue, rather than waiting until two days after the documents had already been produced. Accordingly, the court finds no good cause to pardon the delay in filing the instant motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for a protective order (ECF No. 63) is DENIED.

2. Plaintiff's motion to strike his motion for sanctions (ECF No. 66) is construed as a motion to withdraw and is GRANTED.

3. Plaintiff's motion for sanctions (ECF No. 65) is deemed withdrawn.

DATED: July 29, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5